```
Mark R. Jewett (No. 010308)
LAW OFFICES OF MARK R. JEWETT, P.C.,
Post Office Box 13538
Scottsdale, Arizona  85267-3538
Telephone: (602) 340-0200
Attorney for Interested Non-Party
Cybermark International, Inc.
```

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| RHINO SPORTS, INC., and Arizona corporation, and JOHN E. SHAFFER<br><br>    Plaintiffs/Counterdefendants,<br><br>        v.<br><br>SPORT COURT, INC. a Delaware corporation,<br><br>    Defendant/Counterclaimant. | NO. CV 02-1815-PHX-JAT<br><br>**OBJECTION TO SUBPOENA DUCES TECUM** |

Cybermark International Inc., (hererinafter "Cybermark"), an interested non-party, objects to the form of Subpoena Duces Tecum dated June 14, 2007, that was directed to Google, Inc., (hereinafter "Google"), by Defendant, Sport Court, Inc., (hereinafter "Sport Court"). Cybermark requests modification of the Subpoena so as to permit the discovery of all information relevant to these proceedings, while protecting Cybermark's confidential research, development and commercial information.  This Objection is supported by the following Memorandum.

1

**MEMORANDUM**

Cybermark is an internet marketing company that was employed by Plaintiff, Rhino Sports Inc., (hereinafter "Rhino"), to market its company and products over the internet. To perform such services, Cybermark conducts research using unique techniques it has developed, and Cybermark applies that research using further unique methods it has developed. These research and marketing strategies distinguish Cybermark from its competitors. Maintaining the highest level of confidentiality possible is vital to Cybermark's viability, success and survival in the marketplace.

The Subpoena at issue is not directed at Cybermark; it is directed at the preeminent search engine company, Google, one of Cybermark's most important vendors. Due to the broad wording of the Subpoena, the documentation and information requested therein would reveal significant portions of Cybermark's research, development and commercial information that is held strictly confidential between Cybermark and Google. As presently worded, the Subpoena would even cause the discovery of information regarding other Cybermark clients, (non-parties with no relation to this case at all).

The language in most of the ten categories of requested documents include broad phrases such as "relating to or concerning" to preface Sport Court's request for information primarily regarding the terms "SPORT COURT," and plural variations thereon. (See Exhibit "A" attached to the June 14, 2007 Subpoena). Cybermark requests the tailoring of such language to ensure that Sport Court obtains information specific to its requests, while simultaneously protecting Cybermark. Additionally, Cybermark requests each category include a limiting instruction to prevent the disclosure of non-relevant information.

The following changes are requested, (modifications are set forth in bold type):

1. All documents **regarding** any purchase or offer to purchase the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, for use as an adword. **For all responsive documents, any information contained therein that does not regard the purchase or offer to purchase the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, for use as an adword, must be redacted.**

2. All communications, including email, which mention or reference the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases. **For all responsive documents, any information contained therein that does not regard the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, must be redacted.**

3. All documents **regarding** cost per click calculations **for** the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases. **For all responsive documents, any information contained therein <u>that does not regard</u> cost per click calculations for the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, <u>must be redacted</u>.**

4. All documents **regarding** estimated ad position **for** the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases. **For all responsive documents, any information contained therein <u>that does not regard</u> estimated ad position for the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, <u>must be redacted</u>.**

5. All documents **regarding** search volume trends **for** the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases. **For all responsive documents, any information contained therein <u>that does not regard</u> search volume trends for the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, <u>must be redacted</u>.**

6. All documents **regarding** any purchase or offer to purchase the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, by Cybermark International Inc. for use as an adword. **For all responsive documents, any information contained therein <u>that does not regard</u> the purchase or offer to purchase the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, by Cybermark International Inc. for use as an adword, <u>must be redacted</u>.**

7. All documents **regarding** any purchase or offer to purchase the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, by Rhino Sports Inc. and/or John E. Shafer for use as an adword. **For all responsive documents, any information contained therein <u>that does not regard</u> the purchase or offer to purchase the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, by Rhino Sports Inc. and/or John E. Shafer for use as an adword, <u>must be redacted</u>.**

8. All communications with Cybermark International, Inc., Rhino Sports, Inc. and/or employees, agents, or representatives of said groups, including email, which mention or reference the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases. **For all responsive documents, any information contained therein <u>that does not regard</u> the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases, by Rhino Sports Inc. and/or John E. Shafer <u>must be redacted</u>.**

9. All documents involving Cybermark Internation, Inc. and/or Rhino Sports, Inc. **regarding** cost per click calculations **for** the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases. **For all responsive documents, any information contained therein <u>that does not regard</u> cost per click calculations for the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases <u>must be redacted</u>.**

10. All documents involving Cybermark Internation, Inc. and/or Rhino Sports, Inc. **regarding** estimated ad position **for** the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or "SPORTS COURTS," whether alone or in combination with other words and/or phrases. **For all responsive documents, any information contained therein <u>that does not regard</u> estimated ad position for the terms "SPORT COURT," "SPORTS COURT," "SPORT COURTS," and/or**

**"SPORTS COURTS," whether alone or in combination with other words and/or phrases <u>must be redacted</u>.**

Cybermark is aware of the Protective Order in this case and further requests the documents obtained in response to the Subpoena be designated "Confidential and Lawyers Only." Cybermark anticipates it may be argued that such protection alone is sufficient to address the concerns set forth herein by Cybermark.  In response, Cybermark respectfully requests this Court recognize the real-world considerations at issue.

By various means, even through inadvertence, and even without harmful intent, "protected" information and documents sometimes find there way into the wrong hands.  It is common-knowledge that sometimes even "top secret" Pentagon Papers, "classified" White House documents, and other information believed-to-be completely secured have found unintended destinations.  Certainly the unintended or wrongful dissemination of "Confidential and Lawyers Only" information is far from abstract paranoia.  Dissemination of the information at issue here could quietly cause significant financial harm to Cybermark.  The event would have a low likelihood of detection and a lower possibility that it could ever be proved.  Precautions are warranted.

WHEREFORE, for the reasons set forth herein, Cybermark respectfully requests this Court modify the June 14, 2007

1  Subpoena Duces Tecum so as to protect the interests of
2  Cybermark without depriving the parties in this litigation
3  from acquiring the information and documentation relevant to
4  these proceedings.
5      DATED July 19, 2007.
6                  LAW OFFICES OF MARK R. JEWETT, P.C.
7
8                  /s/ Mark Jewett
                _____
9                  Mark R. Jewett
                Attorney for Cybermark International, Inc.
10

11                  **CERTIFICATE OF SERVICE**

12      I hereby certify that on July 19, 2007, I electronically transmitted the attached document to the Clerk's Office using
13  the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:
14

15  Samuel Straight: sstraight@RQN.com
Daniel S. Mason: DMASON@zelle.com
16  Christopher T. Micheletti: CMicheletti@zelle.com
Jed Hansen: Hansen@tnw.com
17  John D. Everroad: jeverroad@fclaw.com
Ray K. Harris: rharris@fclaw.com
18  Jamie A. Brown: jbrown@fclaw.com
Daniel Paul Beeks: Daniel.beeks@azbar.org
19  Douglas F. Behm: dbehm@jsslaw.com
David W. Dow: ddow@mhplaw.com
20  Christopher DC Hossack: cdhossack@folklaw.com
George Hamilton King: georgeking@cox.net
21

22

23  /s/ Mark Jewett
    _____
24

25

26